**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jun 10 2014, 9:12 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**PATRICIA CARESS MCMATH**
Marion County Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JUSTIN F. ROEBEL**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| DWAYNE ANDERSON, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No.49A04-1309-CR-468 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Carol Orbison, Senior Judge
Cause No. 49F19-1301-CM-005730

**June 10, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**FRIEDLANDER, Judge**

Following a jury trial, Dwayne Anderson was convicted of Possession of Marijuana[1], a class A misdemeanor. Anderson now appeals and presents the following issue for our review: Did the trial court abuse its discretion when it denied Anderson's motion for a mistrial following a police officer's trial testimony?

We affirm.

The facts favorable to the conviction are that on the evening of January 24, 2013, Indianapolis Metropolitan Police Officer John Schweers pulled over a car in which Anderson was a passenger. The officer called for backup and Officer Daniel Brezik arrived at the scene. Officer Schweers ran the driver's information and discovered that the driver's driving privileges had been suspended for life. The officer also ran Anderson's information and discovered that Anderson had a suspended driver's license. The driver was arrested and the vehicle towed. The officer informed Anderson that he was free to leave. While Anderson was attempting to pull a coat on, his hat fell off and the officers observed a small bag fall to the ground. Based on prior experience, the officers believed that the bag contained marijuana, which was confirmed later by laboratory testing. Anderson was placed under arrest and the State charged him with possession of marijuana, a class A misdemeanor.

A jury trial was held on September 5, 2013. During the trial, Officer Schweers stated that Anderson had a "suspended operator's license with a prior conviction." *Transcript* at 111. Anderson moved for a mistrial arguing that the statement by the officer had unfairly prejudiced him. The court denied the motion, explaining, "I think that the court can

---

[1] Ind. Code Ann. § 35-48-4-11 (West, Westlaw current with all legislation of the Second Regular Session of

adequately admonish the jury that Mr. Anderson is not on trial for any driving offense." *Id.* at 117. The trial court ordered the jury to disregard that portion of the officer's testimony.[2]

Later in the trial, a juror asked, "Do we still have the '3 strikes and you are out' provision in the law?" *Appellant's Appendix* at 59. Anderson immediately objected to the question and moved for a mistrial again, arguing that the juror did not follow the instructions of the court to disregard the officer's testimony concerning Anderson's driving offense. The trial court again denied the renewed motion for mistrial. The jury found Anderson guilty as charged.

Anderson appeals the trial court's denials of his motions for mistrial. The trial court is given the discretion to grant a mistrial, an extremely rare remedy, "only when less severe remedies will not satisfactorily correct the error." *Francis v. State*, 758 N.E.2d 528, 532 (Ind. 2001). A ruling on a motion for a mistrial will be reviewed on appeal only for abuse of the trial court's discretion. *Shriner v. State*, 829 N.E.2d 612 (Ind. Ct. App. 2005). After a mistrial has been denied, a defendant must demonstrate that the conduct complained of was both error and had a probable persuasive effect on the jury. *Booher v. State*, 773 N.E.2d 814 (Ind. 2002). A mistrial will be granted if the defendant was placed in a position of grave peril to which he should not have been subjected. *Mickens v. State*, 742 N.E.2d 927 (Ind. 2001). Although we acknowledge the trial court's discretion in these matters, there are times

---

the 118th General Assembly (2014) with effective dates through May 1, 2014).

[2] The court admonished the jury as follows: Ladies and gentlemen of the jury, the Court is ordering that the testimony of this witness, Officer John Schweers, regarding any driving offense of the defendant, Mr. Anderson is to be stricken from the record and you are admonished that you are not to give any consideration to that testimony whatsoever. *Id.* at 119.

3

when an admonishment is not sufficient to cure the error and a mistrial is the appropriate resolution. *Lehman v. State*, 777 N.E.2d 69 (Ind. Ct. App. 2002).

Anderson argues that his motions for mistrial should have been granted because the jury was tainted by the officer's testimony even after the trial court's admonishment to disregard that testimony. The State argues that the officer's comment, with the admonishment from the trial court, did not have a probable persuasive effect on the jury that placed Anderson in grave peril.

We conclude that the admonishment by the Court was effective in clearing Anderson of prejudice from the officer's statement. Moreover, there is little correlation between the officer's comment regarding Anderson's prior driving conviction and the current charge of drug possession. In light of the testimonies of the two officers who saw the drugs fall out of Anderson's hat, the challenged testimony would have had little persuasive effect on the jury. The evidence of guilt was simply too strong. Because Anderson failed to show he was placed in grave peril, the trial court did not err when denying both motions of mistrial.

Judgment affirmed.

MATHIAS, J., and PYLE, J., concur.

4